BRIDGEPORT MFG. CO. et al. v. WILLIAM SCHOLLHORN CO.

(Circuit Court of Appeals, Second Circuit. January 2, 1899.)

No. 29.

PATENTS—VALIDITY AND INFRINGEMENT—PLIERS.

The Bernard patent, No. 427,220, for pliers having parallel jaws and sheet-metal handles, so attached as to apply the power at both sides of the jaws, and having an unobstructed opening between the jaws for the passage of a rod, wire, or tool. construed, and *held* valid and infringed as to claim 1, and not infringed as to claim 2.

Appeal from the Circuit Court of the United States for the District of Connecticut.

This was a suit in equity by the William Schollhorn Company against the Bridgeport Manufacturing Company and others for alleged infringement of a patent for an improvement in pliers. The circuit court rendered a decree for complainant upon the first claim of the patent involved (84 Fed. 674), and the defendants have appealed.

Henry Schreiter and Alexander Van Cott, for appellants.
John K. Beach, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The questions upon this appeal are in regard to the validity and infringement of claim 1 of letters patent No.

427,220, dated May 6, 1890, to William A. Bernard, for an improvement in pliers. The circuit court for the district of Connecticut found in favor of the complainant, which is the present owner of the patent, upon each issue. The inventor said in his specification that his object was "to provide an unobstructed opening through between the parallel jaws for the passage of a rod, wire, or tool, and to adapt sheet-metal handles to the jaws in such a manner that the power will be applied equally at both sides of the jaws, to insure the proper strength and uniformity of movement." Henry B. Russell, in letters patent No. 188,262, dated March 13, 1877, and Chester W. Sykes, in letters patent No. 21,525, dated September 14, 1858, had shown pliers with parallel jaws. Each device contained a single pair of lever-handles inside of the jaws, and the handles and jaws in each device were connected in the middle of the length of the jaws so that the bearing for the handles was very narrow. The Bernard device has "double X lever-handles upon the exterior of the jaws, whereby an open space is left between such jaws, the jaws being inclosed with the lever"; and there is a broad bearing surface upon the jaws, which are enabled to grasp firmly the rod to be held. The patent to Peter Broadbrooks, No. 329,133, dated October 27, 1885, was simply for cutting nippers, which consisted of two levers pivoted to each other, the jaw ends of the lever being integral with the handles, and a recess between the sides of the levers through which the wire which is to be cut can be passed. Neither patent is an anticipation of the Bernard invention, which was a decided advance upon Sykes and Russell, because the rod or wire to be gripped could be passed between the jaws throughout their length, and held with a firm grip. The means by which this was accomplished were inventive in their character. The two claims are as follows:

(1) The combination, with the solid jaws, f, f′, of the lever-handles, a, a′, b, b′, of sheet metal, bent up to form hollow hand portions, the parts, a′, b′, being flat, or nearly so, and crossing each other at opposite sides of the jaws, and connected by the pivot, d, substantially as set forth.

(2) The combination, with the parallel jaws, f, f′, of the lever-handles, a, a′, b, b′, of sheet metal, bent up to form hollow hand portions, the parts, a′, b′, being flat, or nearly so, and crossing each other at opposite sides of the jaws, the pivotal rivets, d, d, in line with each other, the rivets, e, passing through the respective parts, a′, b′, and the jaws and rivets, 3, passing through the metal of the handles and through slots in the jaws, substantially as set forth.

*Fig. 1.*

The question of most importance is that of the infringement of claim 1. In the patented device the crossing handles are pivoted, as they cross each other by a separate rivet, d, so that, as there are two pairs of cross handles. there are two rivets in line with each other, and at opposite sides of the jaws, and there is no obstruction between the jaws. In the defendants' pliers the two pair of cross lever-handles are pivoted upon a common pivot, which extends across between the jaws, and a rod cannot be passed below the fulcrum of the tool. The manner in which the heels of the jaws are connected with the handles differs from the method described in claim 2. The connection in the Bernard tool by means of a slot and pin does not exist, but a cam is substituted, upon which the heels of the jaws slide when they are moved outward. There is no infringement of claim 2.

The specification, which describes the devices of both claims, says that the levers are pivoted by two rivets, d, and claim 1 says that the levers are connected by the pivot, d. If the claim necessarily limits

the construction to two rivets on opposite sides of the jaws, so that there is no obstruction between the handles as well as jaws, there is no infringement. The whole device is described in claim 2, which requires an open space between handles as well as jaws. The part of the device from the jaws to the fulcrum of the tool is contained in claim 1, which describes the means by which the jaws are enabled to grasp the rod or wire throughout their entire length, which is the substantial improvement upon former tools, and is contained in the defendants' device. A common pivot is the equivalent of the two pivots, d, of claim 1. The decree of the circuit court is affirmed, with costs.